### IN THE

## SUPERIOR COURT

#### OF THE

## TERRITORY OF ORLEANS.

---

### SPRING TERM—1812—FIFTH DISTRICT.

---

### *AUZAN'S CASE.*

HE was summoned as a juror to this court, from the county of Attakapas, and contending that he had been illegally summoned, prayed to be discharged.

By the act of 1810, ch. 10, sect. 4, parish sheriffs are directed to send every year, *in the month of January*, to the *sheriff* of the Superior Court district, a list of the persons in the parish qualified to serve as jurors ; and the sheriff of the district is required to write their names on ballots, to be kept in separate boxes, *one for each parish*, and in proper time to draw out of each box, the requisite number of ballots.

Spring 1812.
V. District.

Auzan's
Case.

In the following year the county of Attakapas was divided into two parishes.

*In the month of March,* the return from one of those parishes, was made to the clerk of the Superior Court: and the sheriff of the district, not noticing the division of the county, placed the ballots from both the parishes into *one box.*

On this statement, the correctness of which was admitted, Auzan asked to be discharged.

*Davezac,* in support of the motion. The juror was not legally summoned, and is therefore entitled to his discharge. The act requires parish sheriffs to send their lists to the sheriff of the district in the month of January. The parish sheriff has made his *return* to a wrong *person,* and in a wrong *time;* and the district sheriff has, by mixing together the names of the persons, returned from both the parishes, into one box, prevented that equal proportion of jurors from each parish, which the law contemplates.

*1. Baldwin* and *Porter,* contra. No juror can object to the return made by the sheriff. Challenges are to be made, either to the array or to the polls, by the parties only, and at the trial.

The *time* of the return is not material, provided it be anterior to the drawing.

The returns, in this case, having reached the

sheriff of the district, the Court will not inquire whether they did so directly, or whether through the medium of the clerk, whose office is, perhaps, the most proper place of deposit, for returns to be made to the sheriff, when he is from home, as he often is, executing writs.

In examining the returns, it appears the parish had its full proportion of jurors, and rather more.

*By the Court,* * It is every day's practice to discharge, on his application, a juror who is superannuated, who lacks any of the requisite qualifications, or who has not been regularly summoned.

As the sheriff of the district had the returns from the parish sheriff, at the time they were to be made use of, the delay of the latter was, perhaps, thereby saved—and it is surely immaterial whether the returns be enclosed to the clerk, to be handed to the sheriff.

The error of the sheriff of the district, in placing into *one* box, the names of the jurors of both parishes, which the law requires to be kept in separate ones, is fatal. If the parish from which the applicant comes, had *its full proportion and rather more*, it follows that the other had *rather less* than its own.

JUROR DISCHARGED.

* MARTIN, J. sat alone, during this term.